BK0907062
KAE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

IN RE:

Cindy A. Weaver

Debtor

Case No. 09-22409

Chapter 13

Judge Wise

**MOTION OF GMAC MORTGAGE,
LLC, FOR RELIEF FROM STAY**

**(PROPERTY ADDRESS: 101 16TH
STREET,  NEWPORT, KY 41071)**

GMAC Mortgage, LLC, (the "Movant") moves this Court, under §§ 361, 362, 363 and

other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and

under Rules 4001, 6007, and other rules of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for an Order conditioning, modifying or dissolving the automatic stay

imposed by § 362 of the Bankruptcy Code. In support of this Motion, the Movant states:

### MEMORANDUM IN SUPPORT

1    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a

core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper

under 28 U.S.C. §§ 1408 and 1409.

2    On February 23, 2006, the debtor listed above (collectively, the "Debtor") obtained a loan

from **American Mortgage Service Company** in the amount of $104,258.00. Such loan was

evidenced by a promissory note dated February 23, 2006 (the "Note").

3    To secure payment of the Note and performance of the other terms contained in it, the

debtor executed a Mortgage dated February 23, 2006 (the "Security Agreement"). The Security

Agreement granted a lien on the real and/or personal property (the "Collateral") owned by the

debtor located at 101 16th Street, Newport, KY 41071, and more fully described in the Security

Agreement.

4    The lien created by the Security Agreement was duly perfected by the filing of the

Security Agreement in the office of the Campbell County Clerk on March 13, 2006. The lien is

the First lien on the collateral.

5    The Note and Security Agreement were transferred as follows:

The Note was transferred from American Mortgage Service Company to GMAC

Bank as evidenced by the Allonge on the Note.

The Note was transferred from GMAC Bank to GMAC Mortgage Corporation as

evidenced by the Endorsement on the Note.

The Note was transferred from GMAC Mortgage Corporation to GMAC Mortgage,

LLC as evidenced by the Endorsement on the Note.

The Mortgage was transferred from Mortgage Electronic Registration Systems, Inc.

as nominee for American Mortgage Service Company its successors and assigns to GMAC

Mortgage, LLC as evidenced by the assignment recorded on October 12, 2009.

6    The value of the Collateral is $106,500.00. This valuation is based on Debtor's

Schedules.

7    As of the date of this Motion, there is currently due and owing on the Note the

outstanding balance of $101,645.17, plus interest accruing thereon at the rate of 6.0% per annum

($16.19 per day) from October 14, 2010.

8  Other parties who may have an interest in the Collateral are: N/A

9  Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and/or 362(d)(2) for these reason(s):

Debtor has failed to provide adequate protection for the lien held by the Movant for the reason set forth below.

Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case, which unpaid payments are in the aggregate amount of $2,726.74, consisting of the following:

Post-Petition Payments

| Amount | Date Due |
|--------|----------|
| 861.48 | July 1, 2010 |
| 861.48 | August 1, 2010 |
| 861.48 | September 1, 2010 |
| 861.48 | October 1, 2010 |

Post Petition Late Charges:

| Amount | Date Due |
|--------|----------|
| 34.45 | July 16, 2010 |
| 34.45 | August 16, 2010 |
| 34.45 | September 16, 2010 |

less debtor's suspense balance of $822.53, as of October 14, 2010.

A copy of the Movant's post-petition payment history is attached hereto as Exhibit "A".

10 Movant has attached as Exhibit "B", a copy of the proof of claim filed in this case by Movant, along with copies of the supporting documents establishing the Movant's perfected security interest in the above described collateral.

WHEREFORE, Movant prays for an Order from the Court granting Movant relief from

the automatic stay of §362 of the Bankruptcy Code to permit Movant to proceed under law and

for such other and further relief to which the Movant may be entitled.

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349
LERNER, SAMPSON & ROTHFUSS
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

## NOTICE AND OPPORTUNITY FOR HEARING

The undersigned certifies that a copy of the foregoing Motion for Relief from Stay of the secured creditor, GMAC Mortgage, LLC, was electronically transmitted on October 13, 2010 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list. Unless within fifteen (15) days from the date hereof a written responsive objection to the Motion is filed with the Court and served on the undersigned, an order sustaining the Motion may be entered by the Court.

A hearing will be held only in the event a written responsive objection is timely filed and served.

Hon. Michael B. Baker
6900 Houston Road
Bldg. 600, Suite 16
Florence, KY 41042
mbaker@bakerlawky.com

Beverly M. Burden
P.O. Box 2204
Lexington, KY 40588-2204

Notices@Ch13EDKY.com

Office of the U.S. Trustee
100 East Vine Street, Ste. 500
Lexington, KY 40507
ustpregion08.lx.ecf@usdoj.gov

The undersigned certifies that a copy of the foregoing Motion for Relief from Stay of the secured creditor, GMAC Mortgage, LLC, was transmitted on October 13, 2010 via regular U.S. mail, postage pre-paid:

Cindy A. Weaver
101 16th Street
Newport, KY 41071-2329

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349

LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

## EXHIBIT A

Debtor:        Cindy A. Weaver

Case No. 09-22409

DATE PETITION WAS FILED: September 21, 2009

| MONTH/YEAR PAYMENT DUE | DATE RECEIVED | PAYMENT AMOUNT | AMOUNT DUE | CHECK/ MO # | OVERAGE/ SHORTAGE |
|---|---|---|---|---|---|
| 10/01/09 | 11/16/09 | $ 865.00 | $ 844.31 | | $ 20.69 |
| 11/01/09 | 12/31/09 | $ 845.00 | $ 844.31 | | $ 0.69 |
| 12/01/09 | 01/22/10 | $ 850.00 | $ 844.31 | | $ 5.69 |
| 01/01/10 | 02/25/10 | $ 870.00 | $ 844.31 | | $ 25.69 |
| 02/01/10 | 03/03/10 | $ 870.00 | $ 844.31 | | $ 25.69 |
| 03/01/10 | 04/06/10 | $ 870.00 | $ 861.48 | | $ 8.52 |
| 04/01/10 | 05/19/10 | $ 860.00 | $ 861.48 | | $ -1.48 |
| 05/01/10 | 06/29/10 | $ 860.00 | $ 861.48 | | $ -1.48 |
| | 08/06/10 | $ 400.00 | $ 0.00 | | $ 400.00 |
| 06/01/10 | 08/23/10 | $ 500.00 | $ 861.48 | | $ -361.48 |
| | 10/01/10 | $ 700.00 | $ 0.00 | | $ 700.00 |
| 07/01/10 | | $ 0.00 | $ 861.48 | | $ -861.48 |
| 08/01/10 | | $ 0.00 | $ 861.48 | | $ -861.48 |
| 09/01/10 | | $ 0.00 | $ 861.48 | | $ -861.48 |
| 10/01/10 | | $ 0.00 | $ 861.48 | | $ -861.48 |

*Information added to Local Form A for clarification of payment history.

FORM B10 (Official Form 10) (4/01) LSR Document    Page 1 of 19

| United States Bankruptcy Court <u>Eastern</u> District of <u>Kentucky</u> | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Cindy A. Weaver | Case Number: 09-22409<br>Judge Howard | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**GMAC Mortgage, LLC** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| **Name and address where notices should be sent:**<br>GMAC Mortgage, LLC.<br>Attn:  Bankruptcy Department<br>1100 Virginia Drive<br>Ft. Washington, PA  19034 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| **Name and address where payment should be sent: (if different from above)**<br>GMAC Mortgage, LLC<br>3451 Hammond Avenue<br>Waterloo, IA  50702 | THIS SPACE IS FOR COURT USE ONLY |
| Account or number by which creditor identifies debtor:<br>******0977 | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ |

| | |
|---|---|
| **1.  Basis for Claim**<br>☐ Goods sold<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)<br>☐ Wages, salaries, and compensation (fill out below)<br>    Your SS #: ____ ____ ____<br>    Unpaid compensation for services performed<br>    from _____ to _____<br>              (date)              (date) |

| | |
|---|---|
| **2.  Date debt was incurred: February 23, 2006** | **3.  If court judgment, date obtained:** n/a |

**4.  Total Amount of Claim at Time Case Filed:**     $99,652.60

If all or part of your claim is secured or entitled to priority, also complete Items 5 or 6 below.

☐ Check box if claim includes interest or other charges in addition to the principal amount of the claim. Attached itemized statement of all interest or additional charges.

| **5.  Secured Claim.** | **6.  Unsecured Priority Claim.** |
|---|---|
| ☒ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☒ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral:  $ unknown<br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $ 2,317.35<br><br>101 16th Street, Newport, KY 41071 (property address) | ☐ Check this box if you have an unsecured priority claim<br>    Amount entitled to priority $ _____<br>    Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $10,950.00), *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,425.00* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a) (___).<br>* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| **7.  Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**8.  Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**9.  Date-Stamped Copy:**  To receive an acknowledgment of filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |

Date: 11/10/09

Sign and print the name and title, if any, of the creditor or other person authorized to file
this claim (attach copy of power of attorney, if any):

/s/ Jon J. Lieberman
Jon J. Lieberman
Bar Registration #86802
(513) 241-3100 x-3287
LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
P.O. Box 5480
Cincinnati, Ohio 45201-5480
 (513) 354-6464 Fax
ekybk@lsrlaw.com

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

LSR No. 200943834                          Case No. 09-22409                          Judge Howard

## PROOF OF CLAIM—ARREARAGE BREAKDOWN

Monthly Payment Amount is $865.47.

Detail of Arrearage

| | | | |
|---|---|---|---|
| 2 payments for 08/09 through 09/09 @ $865.47 ea: | | | 1,730.94 |
| 4 late charges for 06/09 through 09/09 @ $34.61 ea: | | | 138.44 |

Out-of-Pocket Expenses:

Post-petition Bankruptcy Attorney Fees for preparation of Proof of Claim          275.00

Other charges:

| | | | |
|---|---|---|---|
| Uncollected Late Charges | | | 28.84 |
| 05/09 | | | |
| Escrow Shortage | | | 99.13 |
| 07/09 | 17.45 | Remaining Balance of Mortgage Insurance | |
| 08/09 | 40.84 | Mortgage Insurance | |
| 09/09 | 40.84 | Mortgage Insurance | |
| Property Inspections | | | 45.00 |
| 04/30/09 | 11.25 | | |
| 06/25/09 | 11.25 | | |
| 07/31/09 | 11.25 | | |
| 09/02/09 | 11.25 | | |

**TOTAL ARREARAGE**                                                      **$2,317.35**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Proof of Claim of the secured creditor was electronically transmitted on or about 10th day of November, 2009 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

Hon. Michael B. Baker
6900 Houston Road
Bldg. 600, Suite 16
Florence, KY 41042
mbaker@bakerlawky.com

Beverly M. Burden, Trustee
100 East Vine Street
Merrill Lynch Building
Suite 500
P.O. Box 2204
Lexington, Kentucky 40595-2204
Notices@Ch13EDKY.com

Office of the US Trustee
100 East Vine Street
Suite 500
Lexington, Kentucky 40507
ustpregion08.lx.ecf@usdoj.gov

/s/ Jon J. Lieberman
Jon J. Lieberman
Bar Registration #86802
(513) 241-3100 x-3287

LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
P. O. Box 5480
Cincinnati, Ohio  45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

# NOTE

**State of Kentucky**

| FHA Case No. |
|---|
| 201 3570741-703 |

February 23, 2006

[Date]

101 16TH STREET                 , NEWPORT, KY 41071

[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means AMERICAN MORTGAGE SERVICE COMPANY, AN OHIO CORPORATION

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of One Hundred Four Thousand Two Hundred Fifty Eight and no/100

Dollars (U.S. $ 104,258.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Six percent (      6.0000      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on April 1, 2006       . Any principal and interest remaining on the first day of March 1, 2036       , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at 415 GLENSPRINGS DRIVE, CINCINNATI, OH 45246

or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $   625.08          . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge ☐ Growing Equity Allonge ☐ Other [specify]

WEAVER.C     1B                                                                              0

FHA Kentucky Fixed Rate Note - 10/95

-1R(KY) (2404)  MW/0404
VMP Mortgage Solutions, Inc. (800)521-7211
Page 1 of 3                                          Initials: CW

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY**

    **(A) Late Charge for Overdue Payments**

    If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four                              percent (    4.0000    %) of the overdue amount of each payment.

    **(B) Default**

    If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

    **(C) Payment of Costs and Expenses**

    If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay $500 for costs and expenses for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)        _____ (Seal)
CINDY A. WEAVER        -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

[Sign Original Only]

Pay to the Order of
GMAC Mortgage Corporation
Without Recourse

Joanne Wight, Vice President
Acting Agent for GMAC Bank

PAY TO THE ORDER OF *GMAC MORTGAGE, LLC

WITHOUT RECOURSE

D. Chioda
Limited Signing Officer
Acting Agent for
GMAC MORTGAGE CORPORATION

WEAVER,C    IB                                           0

-1R(KY) (0404)                Page 3 of 3

SEE ATTACHED ALLONGE

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED
NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID
NOTE:

This 23rdday of        February 2006
Loan Number:
Note Date:        February 23, 2006
Original Loan Amount: $ 104,258.00
Borrower(s) Name(s):   CINDY A. WEAVER

Address:              101 16TH STREET
                      NEWPORT,KY 41071

---

*Pay to the order of:*
**GMAC BANK**
Without Recourse

American Mortgage Service Company

**DEBBIE LEEVER**
**VICE PRESIDENT**

747

BOOK1638PAGE747

| | |
|---|---|
| Return To: | AFTER RECORDING PLEASE RETURN TO:<br>SPRINGDALE TITLE AGENCY, L.L.C.<br>415 GLENSPRINGS DR., SUITE 205<br>CINCINNATI, OHIO 45246 |

Prepared By: *Stephen P. Kenkel*

SPRINGDALE TITLE AGENCY, L.L.C.
415 GLENSPRINGS·DR., SUITE 205
CINCINNATI, OHIO 45246

GENERAL INDEX 4TH SERIES
GROUP NO: 30993/A1
*Anna Smith*
INDEX CLERK

Preparer    *Stephen P Kenkel*

———————[Space Above This Line For Recording Data]———————

State of Kentucky    **MORTGAGE**

FHA Case No.
201-3570741-703

MIN

THIS MORTGAGE ("Security Instrument") is given on    February 23, 2006
The Mortgagor is  CINDY A. WEAVER, an unmarried person

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc.
("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as
mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone
number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. AMERICAN MORTGAGE
SERVICE COMPANY, AN OHIO CORPORATION
("Lender") is organized and existing under the laws of    THE STATE OF OHIO    , and
has an address of  415 GLENSPRINGS DRIVE, CINCINNATI, OH 45246
. Borrower owes Lender the principal sum of
One Hundred Four Thousand Two Hundred Fifty Eight and no/100
Dollars (U.S. $104,258.00    ).

MW 02/01.01

WEAVER.C   IB
  FHA Kentucky Mortgage with MERS - 4/96
VMP -4N(KY) (0405)    Amended 2/01
Page 1 of 8    MW 03/04    Initials CW
  VMP Mortgage Solutions (800)521-7291

0

BOOK**1638**PAGE**748**

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
March 1, 2036                                 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns to MERS, the following described property located in    CAMPBELL
County, Kentucky:
SEE ATTACHED EXHIBIT "A"

Tax Parcel ID Number:    999-99-01-104.00
which has the address of    101 16TH STREET                                              [Street]
NEWPORT                                    [City], Kentucky    41071        [Zip Code]
("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
    Borrower and Lender covenant and agree as follows:
    UNIFORM COVENANTS.
    1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

WEAVER,C        IB                                                                            0

VMP®-4N(KY) (0405)                    Page 2 of 8                    Initials: CAW

BOOK1638PAGE749

EXHIBIT "A"

Real Estate in the City of Newport, County of Campbell and Commonwealth of Kentucky to-wit:

Lot No. 17, Block "C" in Newport Heights Addition in the City of Newport (formerly Clifton) Campbell County, Kentucky as shown by Plat recorded in Deed Boo 56, page 110 of the Campbell County Clerk's Records at Newport, Kentucky, and bounded and described as follows: Beginning at the Northwest corner of Park Avenue West and Sixteenth Street; Thence west along Sixteenth Street , Thirty (30 feet); thence North at right angles ninety-five (95) feet; thence east at right angles thirty (30) feet to Park Avenue West; thence South along Park Avenue West Ninety-five (95) feet to the place of beginning.

Subject to easements and/or restrictions of record.

Commonly known as:        101 16th Street, Newport, Kentucky 41071

PIDN # 999-99-01-104.00
Group:   30992-A1
Plat:   A=2A-4A

AP# WEAVER,C    IB

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

BOOK1638PAGE751

AP# WEAVER,C   IB

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

WEAVER,C   IB   0

-4N(KY) (0405)   Page 4 of 8   Initials:

AP# WEAVER.C        IB

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

   (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

   (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including,

AP# WEAVER,C    IB

to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

WEAVER,C    IB                                                              0

-4N(KY) (0405)                          Page 6 of 8              Initials: CRW

BOOK1638 PAGE 754

AP# WEAVER,C      IB

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☒ Other [specify]
☐ Planned Unit Development Rider    ☐ Graduated Payment Rider        Exhibit "A"

WEAVER,C      IB                                                                    0

VMP -4N(KY) (0405)                    Page 7 of 8                    Initials: [signature]

BOOK1638PAGE755

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                     CINDY A. WEAVER               -Borrower

_____    _____ (Seal)
                                                                   -Borrower

_____ (Seal)    _____ (Seal)
                            -Borrower                                -Borrower

_____ (Seal)    _____ (Seal)
                            -Borrower                                -Borrower

_____ (Seal)    _____ (Seal)
                            -Borrower                                -Borrower


STATE OF ~~KENTUCKY~~, OHIO                    Hamilton          County ss:
     The foregoing instrument was acknowledged before me this 23rd day of February 2006
by CINDY A. WEAVER, an unmarried woman

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she (they) executed the same for the purposes therein contained.

My Commission Expires: 10-18-10          Diana L. Neilson
                                              Notary Public

WEAVER.C      IB                                                      0
VMP-4N(KY) (0405)

DIANA L. NEILSON
Notary Public, State of Ohio
My Commission Expires
October 18, 2010

Recorded      : JACK SNODGRASS
NEWPORT         CAMPBELL COUNTY CLERK
Document Type : MORTGAGE
Book / Page   : 1638 / 747   9 pgs
Document No   : 06 03 13 019 00911
Dt/tm Recorded: 03/13/2006    08:44:1
Total Fees    :      24.00    0.00
Clerk Name    : CAROLYN S HENNING

BOOK **0551** PAGE **167**

LS&R No.: 200943834
Pidn: 999-99-01-104.00
Group: 30992/A1
BK



## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, **Mortgage Electronic Registration Systems, Inc. as nominee for American Mortgage Service Company its successors and assigns,** whose address is 3300 SW 34th Ave., Suite 101, Ocala, FL 34474, does hereby sell, assign, transfer and set over unto **GMAC Mortgage, LLC,** whose address is 1100 Virginia Drive, Fort Washington, PA 19034, a certain mortgage from Cindy A. Weaver, an unmarried person, to Mortgage Electronic Registration Systems, Inc. as nominee for American Mortgage Service Company its successors and assigns, dated February 23, 2006, recorded March 13, 2006, in Volume 1638, Page 747, in the office of the Campbell County Clerk, and all sums of money due and to become due thereon, and secured by the following real estate:

### Legal Description

Real Estate in the City of Newport, County of Campbell and Commonwealth of Kentucky to-wit:

Lot No. 17, Block "C" in Newport Heights Addition in the City of Newport (formerly Clifton) Campbell County, Kentucky as shown by Plat recorded in Deed Boo 56, page 110 of the Campbell County Clerk's Records at Newport, Kentucky, and bounded and described as follows: Beginning at the Northwest corner of Park Avenue West and Sixteenth Street; Thence west along Sixteenth Street , Thirty (30 feet); thence North at right angles ninety-five (95) feet; thence east at right angles thirty (30) feet to Park Avenue West; thence South along Park Avenue West Ninety-five (95) feet to the place of beginning.

Subject to easements and/or restrictions of record.

**PROPERTY ADDRESS:**
**101 16TH STREET**
**NEWPORT, KY  41071**

BOOK **0551** PAGE **168**

IN WITNESS WHEREOF, Mortgage Electronic Registration Systems, Inc. as nominee for American Mortgage Service Company its successors and assigns has set its hand this ____1____ day of ___October___, 2009.

Mortgage Electronic Registration Systems, Inc. as nominee for American Mortgage Service Company its successors and assigns

By: _____
Shellie Hill,
Assistant Secretary and Vice President

STATE OF    OHIO

                                            SS.

COUNTY OF HAMILTON

On OCT 0 1 2009 _____ before me _____ PAMELA K. TROXELL _____, Notary Public, State of ___Ohio___, personally appeared Shellie Hill, Assistant Secretary and Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public
My Commission Expires:

PAMELA K. TROXELL
Notary Public, State of Ohio
My Commission Expires
June 4, 2013

This instrument was prepared by:

_____
Richard Mark Rothfuss,
LERNER, SAMPSON & ROTHFUSS
A Legal Professional Association
P.O. Box 5480
Cincinnati, OH 45201-5480

```
Recorded      : JACK SNODGRASS
NEWPORT         CAMPBELL COUNTY CLERK
Document Type : ASSIGNMENT
Book / Page   : 551 / 167   2 pgs
Document No   : 89 10 12 019 00125
Dt/tm Recorded: 10/12/2009    12:17:3
Total Fees    :     13.00   0.00
Clerk Name    : ANNETTA MCLAREN
```